## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

**DEVON FERNALD**,

Plaintiff,

v.

**DESCHUTES COUNTY, et al.**,

Defendants.

Civ. No. 6:24-cv-02155-AA

**OPINION & ORDER**

_____

AIKEN, District Judge:

Plaintiff Devon Fernald seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. Plaintiff is represented by counsel. Plaintiff alleges seven causes of action against Deschutes County and its employees in their personal capacities. First Am. Compl. ("FAC" or "complaint"), ECF No. 5. For the reasons set forth below, plaintiff's IFP Application, ECF No. 2, is GRANTED. However, plaintiff's complaint, ECF No. 5, is DISMISSED with leave to amend.

### BACKGROUND

In December 2022, plaintiff was arrested for fireworks violations and brought in for "booking" at the Deschutes County Adult Jail. FAC ¶ 1. Defendants are Deschutes County; Sheriff Shane Nelson; and Jail Commander Captain Michael

Shults. *Id.* ¶ 4. Plaintiff also names as defendants Shaun Murphy, who works in "Classification," and Luis Torrico, who works in "Inmate Orientation." *Id.* Last, plaintiff names John/Jane Does 1-5, who he alleges are "county corrections employees neglecting plaintiff." *Id.*

Plaintiff alleges that while he was being booked, another detainee walked through the booking area and struck him in the head. *Id.* ¶ 2. Plaintiff asserts that the other detainee was "drug-addled" and beat plaintiff "viciously" causing "brutal head, neck, and ear injuries." *Id.* Plaintiff maintains that he was not taken to a hospital or treated for 75 days. *Id.* Plaintiff alleges that he was transferred to the state hospital where he was diagnosed with ear and cranial injuries. *Id.* He alleges that other detainees were present and saw the "dangerous" detainee approaching, and "moved away" from him, but the officers who booked plaintiff did not. *Id.* In plaintiff's view, "deputy staff . . . should have detected the impaired condition of the offender and housed him in a separate holding cell for observation and inmate safety." *Id.*

## LEGAL STANDARD

Generally, all parties instituting any civil action in the United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to

pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess

whether the action is frivolous, malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune to such relief.

28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts are authorized

under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the

complaint on the defendants and must dismiss a complaint if it fails to state a claim.

Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing

a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*,

668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal

pleading standards, the complaint must include a short and plain statement of the

claim and "contain sufficient factual matter, accepted as true, to 'state a claim for

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. The plausibility

standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id*. The court is not required to accept legal conclusions, unsupported by

alleged facts, as true. *Id*. A district court may deny leave to amend when amendment

would be futile. *Hartmann v. California Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1130

(9th Cir. 2013).

**DISCUSSION**

Plaintiff alleges claims under 42 U.S.C. § 1983 for violation of his rights under the Fourth and Fourteenth Amendment. Plaintiff also brings five state law tort claims. Plaintiff's counsel has been admonished by the Court about drafting sufficient pleadings in a case with similar claims. *See e.g., Brown v. Lane Cnty.*, No. 6:21-CV-01866-AA, 2022 WL 195644, at *3 (D. Or. Jan. 21, 2022). Plaintiff's counsel replicates the same insufficient pleadings in this case as those before. Counsel also fails to comply with Local Rule 15-1 (b). Nevertheless, in the interest of justice and efficient management of its docket, the Court proceeds to screening the complaint under 28 U.S.C. § 1915(e)(2)(B).

I.      Constitutional Claims Under 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff must allege that (1) their federal rights were violated and (2) the violation was caused by the conduct of a person acting under color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). A plaintiff seeking to hold a municipal defendant liable for constitutional violations under § 1983 cannot do so by asserting vicarious liability. Instead, a plaintiff must allege that his constitutional rights were violated pursuant to the defendant's custom, practice, or policy. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-91 (1978); *Shah v. Cnty. of Los Angeles*, 797 F.2d 743, 747 (9th Cir. 1986) (providing that claims for municipal liability under Section 1983 can be "based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.") (internal citation omitted). Such a claim

requires a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (internal citation omitted) (en banc).

The constitutional right at issue depends on the custodial status of the plaintiff. The Fourth Amendment governs claims of excessive force during a seizure of a free citizen. *Graham v. Connor,* 490 U.S. 386, 394 (1989). After arraignment, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from excessive force that amounts to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). After conviction, the Cruel and Unusual Punishment Clause of the Eighth Amendment governs the use of force against a prisoner. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

### A.    Claim One: Fourth Amendment Violations

Plaintiff alleges claims for unreasonable search and seizure, excessive force, and unconstitutional training policies. FAC at 4 (First Claim for Relief). Plaintiff asserts that "Deschutes County has a written or unwritten policy, custom and/or practice of training their members to violate people's Fourth Amendment rights[.]" Plaintiff states that defendants Shane Nelson and Michael Shults "ratified policies of action as to visibly addled detainees." *Id*. Plaintiff alleges that his Fourth Amendment rights were violated when defendants (1) failed to protect him from the offending detainee; (2) failed to take him to a hospital; (3) failed to treat or diagnose him for 75 days; and (4) failed to segregate potentially dangerous detainees. FAC ¶ 13.

#### 1.    Failure to Protect/Intervene

The Fourth Amendment covers "searches and seizures[.]" *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998). Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *United States v. Koon*, 34 F.3d 1416, 1447 (9th Cir.1994), *rev'd on other grounds*, 518 U.S. 81, 116 (1996). In this regard, a law enforcement officer who fails to intercede when his fellow officers deprive a victim of his Fourth Amendment right to be free from an excessive use of force would, like his fellow officers, be liable for depriving the victim of his Fourth Amendment rights. *Id.* A law enforcement officer may only be held liable for failing to intercede if he had a "realistic opportunity" to do so. *Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000). For example, if officers are not present at the time of a constitutional violation, they have no realistic opportunity to intercede. *Id.* at 1290. In addition, if a constitutional violation occurs too quickly, there may be no realistic opportunity to intercede to prevent the violation. *See, e.g., Knapps v. City of Oakland*, 647 F.Supp.2d 1129, 1159-60 (N.D.Cal.2009).

Plaintiff fails to specify which defendant failed to protect him or failed to intervene. More importantly, stated above, the Fourth Amendment requires law enforcement officers to intervene when their *fellow officers* are violating a suspect's constitutional rights. *Koon*, 34 F.3d at 1447. Here, plaintiff's allegations are that a *detainee* passing through the booking area punched him. FAC ¶ 2. Plaintiff fails to allege facts that show that an officer of the law committed a constitutional violation in which plaintiff's arresting officers had a duty to intervene.

Plaintiff's allegations also fail to show that any decision-maker at Deschutes County ratified a subordinate's decision to violate plaintiff's rights by failing to protect him or intervene. Such a claim requires a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016). A supervisor's subsequent "ratification" of a subordinate's conduct can form the basis for liability under § 1983. However, the supervisor must actually approve of the subordinate's decision and the basis for it, and be the product of a "conscious, affirmative" choice to ratify the conduct in question. *Gillette v. Delmore*, 979 F.2d 1342, 1346–47 (9th Cir.1992), *cert. denied*, 510 U.S. 932 (1993).

If plaintiff chooses to amend his complaint, he must allege facts that allow an inference to be drawn that a specific defendant is liable for the misconduct alleged. The well-known standards for pleadings require more than a sheer possibility that a defendant has acted unlawfully. Plaintiff must allege a specific right that was violated, which defendant violated it, and how plaintiff was harmed by the violation.

Plaintiff's claim for "failure to protect or intervene" in violation of the Fourth Amendment under § 1983 is dismissed with leave to amend.

2.    Failure to Provide Medical Care

"[t]he Fourth Amendment requires that law enforcement officers provide objectively reasonable post-arrest care to an arrestee." *Espinoza v. Cal. Highway Patrol*, Case No. 16-cv-00193, 2016 WL 4943960, at *3 (E.D. Cal. Sept. 16, 2016) (citing *Tatum v. City and Cnty. of San Francisco*, 441 F.3d 1090, 1098-99 (9th Cir.

2006)). An officer may satisfy this obligation "by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital." *Tatum*, 441 F.3d at 1099. "Whether the officers acted reasonably and were sufficiently 'prompt' depends in part on the length of the delay and the seriousness of the need for medical care." *Holcomb v. Ramar*, Case No. 13-cv-1102, 2013 WL 5947621, at *4 (E.D. Cal. Nov. 4, 2013).

Accepting as true the allegation that plaintiff was beaten "viscously," plaintiff has alleged that he suffered injuries that would have been reasonably observable. On its face, these facts are sufficient to assert plaintiff was in reasonable need of medical attention. However, it is not clear which defendant knew of plaintiff's injuries and failed to provide objectively reasonable care, or what role each defendant played. Plaintiff also fails to connect the dots to plead a municipal liability claim under § 1983—that is, plaintiff has not alleged a "direct causal link between a municipal policy or custom and the alleged constitutional violation." *Castro,* 833 F.3d at 1075. If plaintiff seeks to allege liability on the part of any defendants' supervisor, the Court reminds plaintiff that under § 1983, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations or knew of the violations of the subordinates and failed to act to prevent them. *Preschooler II v. Clark County School Bd. Of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007). In the FAC, plaintiff makes no allegation that any supervisor saw, witnessed, or knew of plaintiff's injuries.

Plaintiff's claim for "failure to provide medical care" in violation of the Fourth Amendment under § 1983 is dismissed with leave to amend.

### 3.    Failure to Treat or Diagnose For 75 Days

Plaintiff alleges that defendants failed to treat or diagnose him for his injuries. To the extent plaintiff pleads this claim under the Fourth Amendment, the Court applies the same analysis as it did above for the alleged "failure to provide medical treatment." Otherwise, this claim should be pled under the Fourteenth Amendment, because any search and seizure had presumably concluded while the alleged 75-day period of custody was ongoing. Therefore, plaintiff was likely a pretrial detainee, triggering Fourteenth Amendment analysis, rather than Fourth Amendment analysis. *Kingsley,* 576 U.S. at 397-98.

In *Gordon v. County of Orange*, the Ninth Circuit set forth the elements to state a claim for inadequate medical care brought by pretrial detainees under the Fourteenth Amendment. 888 F.3d 1118, 1124–25 (9th Cir. 2018). Under *Gordon*, a pretrial detainee who brings an inadequate medical care claim must show that: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the

defendant caused the plaintiff's injuries. *Id.* at 1125. *See also Russell v. Lumitap*, 31 F.4th 729, 739 (9th Cir. 2022).

Plaintiff has failed to allege which defendant failed to treat him or diagnose him for injuries following his detainment. The Court finds that there are no doctors or medical staff named in this lawsuit. Plaintiff has also not alleged facts sufficient to show that any supervisor ratified or approved of a policy violative of plaintiff's rights. Finally, plaintiff has not pled facts from which the Court can draw an inference of municipal liability on the part of Deschutes County.

Plaintiff's claim for "failure to treat or diagnose" in violation of the Fourth Amendment under § 1983 is dismissed with leave to amend.

### 4. Failure to Segregate Detainees in Holding Cells

It is not clear from the pleadings whether plaintiff is alleging that failing to segregate detainees constitutes unlawful search and seizure, failure to train, or excessive force. As pled, the Court cannot find any facts to support a claim under the Fourth Amendment. Plaintiff's claim for "failure to segregate detainees" in violation of the Fourth Amendment under § 1983 is dismissed with leave to amend.

### B. Claim Two: Fourteenth Amendment Violations

Plaintiff claims that defendants violated his rights under the Fourteenth Amendment based on defendants' unreasonable conduct, arbitrary conduct, deliberate indifference, or conduct that shocks the conscience. FAC at 5 (Second Claim for Relief). Plaintiff "incorporates the above," "as applicable," thereby leaving

it to the Court to determine which of plaintiff's allegations from his Fourth Amendment Claim are applicable in the context of his Fourteenth Amendment claim.

The Court will not develop pleadings for plaintiff's counsel. Generally speaking, the Court permits incorporation of previously stated allegations when doing so avoids cumulative pleadings. However, by neglecting to provide even "a short and plain statement" showing that plaintiff is entitled to relief under the Fourteenth Amendment, the pleadings fall below the federal standard. *Iqbal*, 556 U.S. at 677–78. The sole allegation under plaintiff's second claim for relief is that "staff violated [plaintiff's] Fourteenth Amendment rights because their conduct was unreasonable and/or arbitrary, deliberately indifferent and/or shocking to the conscience." What plaintiff's counsel has submitted is the sort of unadorned "the-defendant-unlawfully-harmed-me" accusation, which the supreme court has declared insufficient. *Id*. at 678.

Plaintiff's claim under § 1983 for violation of his rights under the Fourteenth Amendment is dismissed with leave to amend.

II.    State Law Claims

Plaintiff brings state law tort claims for medical negligence, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and negligence. Plaintiff does not allege whether he has complied with the requirements of the Oregon Tort Claims Act ("OTCA"), ORS 30.260-300. If plaintiff decides to amend his Complaint, he should make a showing that he has brought his

tort claims according to the provisions of the OTCA. The Court has admonished plaintiff's counsel about this before. *Brown*, 2022 WL 195644, at *4.

In consideration of the factors in 28 U.S.C. § 1915(e)(2)(B), plaintiff must address the following deficiencies identified with respect to his state law tort claims.

### A.     Claim Three: Medical Negligence

Plaintiff alleges that "[t]he conduct of staff refusing to transport [plaintiff] to the hospital for testing, imaging and medical and psychiatric treatment for seventy—five days (75) or treat him in jail constituted medical negligence." FAC ¶ 17.

To prevail on a medical negligence claim in Oregon, a plaintiff must establish "(1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a resulting harm to the plaintiff measurable in damages; and (4) causation, i.e., a causal link between the breach of duty and the harm." *Swanson v. Coos Cnty.*, 2009 WL 5149265, Civ. No. 08–6312–AA, at *5 (D. Or. 2009) (citing *Stevens v. Bispham*, 316 Or. 221 (1993)). In Oregon, the common-law standard has been codified to read as follows: A physician licensed to practice medicine or podiatry by the Oregon Medical Board has the duty to use that degree of care, skill and diligence that is used by ordinarily careful physicians in the same or similar circumstances in the community of the physician or a similar community. ORS 677.095(1).

Plaintiff fails to allege any facts specifying which staff refused to transport plaintiff to the hospital. It is unclear which defendant plaintiff believes had a duty to transport him for treatment, imaging, or psychiatric treatment, and even less clear whether that conduct constitutes "medical negligence" under Oregon law. If plaintiff

decides to amend the Complaint, he should set forth facts demonstrating how each element of the claim of medical negligence is satisfied against each defendant.

Plaintiff's claim for medical negligence is dismissed with leave to amend.

B.    Claim Four: Battery

Plaintiff alleges that "[t]he actions and/or inaction of deputies were instrumental in effectuating detainee obtaining harmful and offensive contact and hence constructive battery of plaintiff." FAC ¶ 18.

To state a claim for battery under Oregon law, a plaintiff must allege that the defendant acted with an intent to cause harmful or offensive contact. Allegations that a defendant engaged in an intentional act likely to result in such contact are not sufficient, and the ability of a court to infer subjective intent to cause harm is limited to situations where such intent is the only inference that may be drawn from the circumstances. *Redman v. Morehead*, No. 3:12-CV-11-AC, 2012 WL 1253108, at *3 (D. Or. Apr. 13, 2012); *Bakker v. Baza'r, Inc.,* 275 Or. 245, 248–9 (1976); *Friedrich v.. Adesman,* 146 Or.App. 624, 630–1 (1997).

Plaintiff's allegations are insufficient to state a claim for battery under Oregon law. "Inaction" cannot constitute an intent to cause harmful or offensive contact. There is no "constructive battery" under Oregon law. Therefore, plaintiff's claim for battery under Oregon law is dismissed with leave to amend.

C.    Claim Five: Intentional Infliction of Emotional Distress

Plaintiff alleges that "[t]he ensuing battery caused severe mental or emotional distress and that emotional distress was substantially certain to result from the

Page 13 – OPINION & ORDER

conduct, actions and inaction of staff and in fact caused severe mental and emotional distress to him." FAC ¶ 19.

Under Oregon law, a claim for intentional infliction of emotional distress has three elements. The plaintiff must show: (1) that the defendants intended to cause the plaintiff severe emotional distress or knew with substantial certainty that their conduct would cause such distress; (2) that the defendants engaged in outrageous conduct—conduct extraordinarily beyond the bounds of socially tolerable behavior; and (3) that the defendants' conduct in fact caused plaintiff severe emotional distress. *McLean v. Pine Eagle Sch. Dist., No. 61*, 194 F. Supp. 3d 1102, 1121 (D. Or. 2016) (citing *House v. Hicks*, 218 Or. App. 348, 357–58, 179 P.3d 730 (2008))

Plaintiff's allegations fail to state a claim for intentional infliction of emotional distress. Plaintiff has failed to allege a single fact supporting an inference that any defendant acted with intentional conduct when the passerby detainee struck plaintiff. Accordingly, plaintiff's claim for battery is dismissed with leave to amend.

D.      Claim Six: Negligent Infliction of Emotional Distress

Plaintiff alleges, in the alternative to his IIED claim, that "deputy actions/ and or inaction negligently caused severe mental and emotional distress to him and their actions consisted of an extraordinary transgression of the bounds of socially tolerable conduct." FAC ¶ 20. Plaintiff appears to state the standard for intentional infliction of emotional distress.

Oregon law allows a plaintiff to recover damages for emotional distress when a defendant negligently causes foreseeable, serious emotional distress that infringes

on some other legally protected interest. *Philibert v. Kluser*, 360 Or. 698, 702 (2016). Freedom from physical harm is one such protected interest. *Id.* at 702.

Plaintiff has failed to allege any facts showing how any defendant negligently caused foreseeable, serious emotional distress. Plaintiff alleges that it was the passerby detainee who punched him. Plaintiff has not provided a short and plain statement showing that it was foreseeable to any defendant that the offending detainee would punch plaintiff. Plaintiff has failed to state a claim for negligent infliction of emotional distress. This claim is dismissed with leave to amend.

E.      Claim Seven: Negligence

Plaintiff alleges that "[t]he failure properly to house, classify and segregate plaintiff from his drug-addled offender constituted negligence."

To survive a motion to dismiss a claim of negligence, a plaintiff must allege: (1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and (5) that plaintiff was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent. *Moody v. Or. Cmty. Credit Union*, 371 Or. 772, 784, 542 P.3d 24 (2023).

. Plaintiff must allege facts that support his theory about which defendant's conduct caused a foreseeable risk of harm—here, the risk that the passerby detainee would strike plaintiff. Plaintiff must plead factual allegations that show how being

struck was foreseeable, and how defendants' breach of the duty of care caused plaintiff to be struck by the other detainee. Plaintiff's allegations fall short and do not provide sufficient information from which the Court can infer that plaintiff is entitled to relief under this claim. Accordingly, plaintiff's claim for negligence is dismissed with leave to amend.

## CONCLUSION

Plaintiff's IFP application, ECF No. 2, is GRANTED. Plaintiff's First Amended Complaint, ECF No. 5, is DISMISSED with leave to amend in accordance with this opinion. Plaintiff shall have thirty (30) days to file an amended complaint. Failure to file an amended complaint shall result in dismissal without further notice. For each claim, plaintiff shall set forth a short and plain statement alleging what rights he believes defendant(s) violated, which defendant(s) violated the right, the specific conduct that caused the violation, and the resulting harm from the violation.

It is so ORDERED and DATED this 26th day of June 2025.


 /s/Ann Aiken

Ann Aiken
United States District Judge