IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEVON FERNALD,                                              **OPINION & ORDER**

                    Plaintiff,                               Civ. No. 6:24-cv-02155-AA

          v.

DESCHUTES COUNTY;
SHANE NELSON, in his personal capacity;
MICHAEL SCHULTS, in his personal capacity;
JOHN/JANE DOES 1–5, in their personal capacities;
SHAUN MURPHY, in his personal capacity;
LUIS TORRICO, in his personal capacity,

                    Defendants.

_____

AIKEN, District Judge.

        Before the Court is a Motion to Dismiss the 42 U.S.C. § 1983 and state law

claims filed by Plaintiff Devon Fernald against Defendants Deschutes County, Shane

Nelson, Michael Schults, John/Jane Does 1–5, Shaun Murphy, and Luis Torrico.  For

the reasons explained below, Defendants' Motion, ECF No. 15, is GRANTED.

## BACKGROUND

        In Plaintiff's Second Amended Complaint ("SAC"), he alleges that "on or about

December 30, 2022," he was arrested for fireworks violations and transported to the

Deschutes County Jail.  Second Am. Complaint ("SAC") ¶¶ 1, 2, ECF No. 11.  Plaintiff

alleges that while being booked into jail and "within minutes of entry," a "visibly,

drug-impaired and or mentally addled detainee [named] Dubisar sucker-punched

Page 1 – OPINION AND ORDER

[P]laintiff in the head, with his head hanging down, oblivious to his surroundings." *Id.* ¶ 2. Plaintiff alleges that "[Deputy] Torric[o] in his report states he heard Deputy Faulk exclaim 'Did he just punch him?'" and that "[Deputy] Torrico saw Deputy Murphy attempt to open the door and commanded Dubisar to get on the ground[,]" *id.*, but that "Dubisar failed to comply and then proceeded to batter Fernald a second time[,]" *id.* Plaintiff further alleges that "[he] was never taken to the hospital nor properly treated for 75 days and then transferred in March 2023 to the State Hospital, where he was diagnosed with ear and cranial injuries." *Id.*

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679. While courts considering a motion to dismiss must accept all allegations of material fact as true and construe them in the light most favorable to the plaintiff, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. "A complaint may be dismissed as a matter of law for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

## DISCUSSION

Plaintiff brings two § 1983 claims and five state law claims against Deschutes County Defendants: Medical Negligence, SAC ¶ 17; Battery, *id.* ¶ 18; Intentional Infliction of Emotional Distress, *id.* ¶ 19; Negligent Infliction of Emotional Distress, *id.* ¶ 20; and Negligence, *id.* ¶ 21.

Defendants move to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Def. Mot. at 5, 7.

I.    *Section 1983 Claims against Individual Defendants*

Section 1983 does not create substantive rights but instead "provides a mechanism for enforcing individual rights 'secured' elsewhere, *i.e.*, rights independently 'secured by the Constitution and laws' of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the plaintiff was "depriv[ed] of a right secured by the federal Constitution or statutory law," and (2) that "the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

The parties do not dispute that Defendants acted under color of state law.

A.    *Failure to Protect*

Plaintiff alleges that Deputy Murphy and Deputy Torrico violated his Fourteenth Amendment rights because their "conduct was unreasonable and/or arbitrary, deliberately indifferent and/or shocking to the conscience." SAC ¶ 15. Plaintiff alleges that Deputy Torrico stated in his report that "he heard Deputy Faulk exclaim 'Did [detainee Dubisar] just punch [Plaintiff]?'" *Id.* ¶ 2. And that "[Deputy]

Page 3 – OPINION AND ORDER

Torrico saw Deputy Murphy attempt to open the door and commanded Dubisar to get on the ground[,]" but that "Dubisar failed to comply and then proceeded to batter Fernald a second time." *Id.*   Plaintiff alleges that Deschutes County employees Shults and Nelson also "[f]ail[ed] to protect Plaintiff[.]" *Id.* ¶ 13(a).

"[W]hen the State takes a person into its custody and holds him there against his will, the [Fourteenth Amendment] imposes upon it a corresponding duty to assume some responsibility for his safety." *DeShaney v. Winnebago Cnty. Dep't of Soc. Services,* 489 U.S. 189, 199–200 (1989). "[An] affirmative duty to protect arises . . . from the limitation which [the State] has imposed on [that person's] freedom to act on his own behalf." *Id.*; *see also United States v. Reese*, 2 F.3d 870, 887–88 (9th Cir. 1993) ("the [Supreme] Court recognized over one hundred years ago that persons in the custody or control of law enforcement officers have a right to be protected from 'lawless violence.'").

A detainee's Fourteenth Amendment failure-to-protect claim is evaluated under an objective deliberate indifference standard. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). The elements of a failure to protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

Here, Plaintiff contends that "[g]iven that lay people could detect dangerous, drug-induced, mental health impairment, deputy staff should have previously detected the impaired condition of the offender and housed him in a separate holding cell for observation and inmate safety or cuffed him." SAC ¶ 2. Plaintiff contends that "[Deputy] Murphy did not timely subdue Dubisar" and instead "just g[a]ve verbal commands[.]" *Id.* ¶ 13(a). But Plaintiff also alleges that "[he] was just brought in for booking . . . when within minutes of entry a detaine[e] . . . viciously beat him[.]" *Id.* ¶ 2.

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plaintiff alleges no facts to support the contention that Defendants knew that Dubisar posed a substantial risk of serious harm to Plaintiff, that a reasonable officer in the circumstances would have appreciated that risk, and that Defendants failed to take reasonable available measures to abate that risk.

Plaintiff's allegations support that Deputy Torrico did not witness the first punch and that Deputy Murphy intervened or attempted to intervene to abate the risk to Plaintiff after the first punch by "attempt[ing] to open the door"—presumably to a holding cell—and by "command[ing] Dubisar to get on the ground." Plaintiff alleges that "Dubisar failed to comply" with Deputy Murphy's command and punched Plaintiff again anyway. Accepting Plaintiff's allegations as true, the alleged actions

of Deputy Murphy and Deputy Torrico do not constitute objective deliberate indifference to a substantial risk of harm to Plaintiff.  Plaintiff also alleges that Defendants Sheriff Nelson and "Jail Commander Captain Michael Shults" failed to protect him from harm, but he does not say what they did or how they failed to protect him from harm.

> B.    *Failure to Provide Adequate Medical Care*

Plaintiff alleges that Sheriff Nelson and Captain Shults violated his Fourteenth Amendment rights because Plaintiff "was never taken to the hospital nor properly treated for 75 days and then transferred in March 2023 to the State Hospital, where he was diagnosed with ear and cranial injuries."  SAC ¶¶ 2, 13(a).

"[C]laims for violations of the right to adequate medical care 'brought by pretrial detainees against individual defendants under the Fourteenth Amendment' must be evaluated under an objective deliberate indifference standard."  *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018) (quoting *Castro*, 833 F.3d at 1070).  The elements required to show a failure to provide adequate medical care are the same as those required to show a failure to protect.  *Id.* at 1125.  Here, Plaintiff's threadbare complaint alleges only that he was "never taken to the hospital [or] properly treated for 75 days."  Plaintiff fails to allege what Sheriff Nelson or Captain Shults did or what conduct constituted objective deliberate indifference to Plaintiff's medical needs.

Page 6 – OPINION AND ORDER

In sum, Plaintiff fails to allege sufficient facts to show that individual Defendants deprived him of his Fourteenth Amendment rights. Accordingly, the Court dismisses Plaintiff's § 1983 claims against individual Defendants.

II.    *Section 1983 Monell Claim against Deschutes County*

Plaintiff brings a § 1983 *Monell* claim against Deschutes County. SAC ¶ 13. Plaintiff alleges that "Deschutes County has a written or unwritten policy, custom, and/or practice of training their members to violate people's Fourteenth Amendment rights" by "failing to protect [Plaintiff,]" by "[f]a[i]ling to protect and prevent the second beating[,]" by "failing to take [Plaintiff] to the ER," by "fail[ing] to treat, medicate, diagnose [Plaintiff] for 75 days" and by "[f]ailing to classify, cuff, and segregate potentially dangerous, mentally unstable or drug-addled detainees in holding cells." *Id.*

"Municipalities are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). "A municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents, however." *Id.* (citing *Monell*, 436 U.S. at 690). "Instead, it is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible." *Id.*

To prevail on a *Monell* claim, a plaintiff must show that (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional rights; and (4) the

policy was the moving force behind the constitutional violation. *Mabe v. San Bernadino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). To survive a motion to dismiss, a complaint that alleges a *Monell* claim must contain sufficient factual allegations to satisfy all four elements. *See Dougherty v. City of Covina*, 654 F.3d 892, 900–01 (9th Cir. 2011); *see also Price v. City of Corning, Cal.*, No. 1:13-cv-01730-CL, 2014 WL 3362296, at *2 (D. Or. May 13, 2014) ("[P]laintiff has failed to make out a § 1983 claim against defendant City of Corning by pleading all four elements of a *Monell* claim.").

Here, Plaintiff failed to plead sufficient facts to support a *Monell* claim. First, for the reasons explained above, Plaintiff fails to allege sufficient facts to support that he was deprived of his Fourteenth Amendment rights. Second, Plaintiff's conclusory allegation that Deschutes County had a "written or unwritten policy, custom and/or practice of training its members to violate people's Fourteenth Amendment rights" is insufficient to support a *Monell* claim. "Courts have repeatedly rejected sweeping allegations of policies and customs in the absence of facts supporting their existence and applicability." *Jones v. Cnty. of San Diego*, No. 20CV1989-GPC(DEB), 2022 WL 718491, at *10 (S.D. Cal. Mar. 10, 2022); *see also Moore v. City of Orange*, Case No. SACV 17-01024 JVS(JCGx), 2017 WL 10518114, at *3-4 (C.D. Cal. Sep. 25, 2017) ("speculative list of various customs, policies, and practices that allegedly violated [plaintiff's constitutional rights]" insufficient to plead *Monell* claim).

A *Monell* claim can be based on lack of policy, failure to train, and ratification theories. Municipal liability based on theories of lack of policy and failure to train

both require a plaintiff to allege facts to support a pattern of repeated or knowing constitutional violations sufficient to constitute deliberate indifference. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011) ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train."). "That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390–91 (1989). "Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training [because] [s]uch a claim could be made about almost any encounter resulting in injury[] yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal." *Id.* Accepting Plaintiff's allegations as true, Plaintiff alleges no facts to support a pattern of repeated constitutional violations that could be attributed to the County's lack of policy or failure to train.

Plaintiff alleges that "Nelson and Shults all with final policy-making authority ratified policies of action as to visibly-addled detainees and medical and psychiatric neglect and policymakers knew of and specifically approved of the individual defendants' actions or inactions." SAC ¶ 13(vi). A ratification theory requires a plaintiff to allege facts to support that "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Ulrich v. City & Cnty. of San Francisco*,

Page 9 – OPINION AND ORDER

308 F.3d 968, 984–85 (9th Cir. 2002)). "The policymaker must have knowledge of the constitutional violation and actually approve of it." *Lytle v. Carl*, 382 F.3d 978, 987 (9th Cir. 2004). "Ratification . . . generally requires more than acquiescence." *Sheehan v. City & Cty. of San Francisco*, 743 F.3d 1211, 1231 (9th Cir. 2014). Policymakers must make "'a deliberate choice to endorse' the officers' actions." *Id.* (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992)). Even if the actions at issue constituted constitutional violations, Plaintiff provides no facts to support that either Sheriff Nelson or Captain Shutes had knowledge of them and made a deliberate choice to approve them.

In sum, Plaintiff fails to allege sufficient facts to support a § 1983 *Monell* claim against Deschutes County. Accordingly, the Court dismisses Plaintiff's § 1983 *Monell* claim.

III.    *Leave to Amend*

Plaintiff filed a proposed Third Amended Complaint without seeking leave of the Court. *See* ECF No. 17.

Federal Rule of Civil Procedure 15 provides that "[a] party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15. Further amendment requires an "opposing party's written consent or the court's leave." *Id.* Plaintiff has not obtained opposing party's written consent or the Court's leave to file a third amended complaint.

Rule 15 "advises the court that leave shall be freely given when justice so requires[]"and that "[t]his policy is to be applied with extreme liberality." *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted). However, when a complaint cannot be saved by any amendment, dismissal without leave is proper. *McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003).

Here, Plaintiff has already amended the complaint twice. The amendments have not substantially changed the original Complaint. Plaintiff has made little meaningful attempt to provide facts to support the elements of his claims. The Court has determined that further amendment is futile. Accordingly, the Court dismisses Plaintiff's claims without further leave to amend.

IV.    *State Law Claims*

In his SAC, Plaintiff brings five state law claims against Defendants.

Under 28 U.S.C. § 1367, a district court "may decline to exercise supplemental jurisdiction" where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When federal claims are dismissed before trial . . . pendant state claims also should be dismissed." *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367–68 (9th Cir. 1992) (citation omitted).

Here, the Court has dismissed Plaintiff's federal claims and only state law claims remain. The Court declines to exercise supplemental jurisdiction over the state law claims. The state law claims are dismissed without prejudice.

Page 11 – OPINION AND ORDER

## CONCLUSION

For the reasons explained above, Defendant's Motion, ECF No. 15, is GRANTED.   Plaintiff's federal claims are DISMISSED.  Plaintiff's state law claims are DISMISSED without prejudice.  Judgment shall be entered accordingly.


It is so ORDERED and DATED this ___26th___ day of March 2026.


    _/s/Ann Aiken_____

ANN AIKEN
United States District Judge

Page 12 – OPINION AND ORDER